# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SKATEMORE, INC., d/b/a ROLL HAVEN SKATING CENTER, a Michigan corporation; SLIM'S REC, INC., d/b/a SPARTAN WEST BOWLING CENTER/BEAMERS RESTAURANT, a Michigan corporation; MR. K ENTER- PRISES, INC, d/b/a ROYAL SCOT GOLF & BOWL, a Michigan corporation; M.B. AND D. LLC, d/b/a FREMONT LANES, a Michigan limited liability company; and R2M, LLC, d/b/a SPECTRUM LANES & WOODY'S PRESS BOX, a Michigan limited liability company,**

     **Plaintiffs,**

-vs-

**GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan; ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services; MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, a Michigan Administrative Agency,**

     **Defendants.**
_____/

<u>**VERIFIED COMPLAINT AND JURY DEMAND**</u>

**FILE NO:**_____

**HON.**

**David A. Kallman**    (P34200)
**Stephen P. Kallman**   (P75622)
K<small>ALLMAN</small> L<small>EGAL</small> G<small>ROUP</small>, PLLC
**Attorneys for Plaintiffs**
**5600 W. Mount Hope Hwy.**
**Lansing, MI 48917**
**(517) 322-3207**

NOW COME the above-named Plaintiffs, by and through their attorneys, Kallman Legal Group, PLLC, and together bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. Plaintiffs bring this action under the Takings Clauses of the United States and Michigan Constitutions, and 42 U.S.C. § 1983, challenging Defendants' acts, orders, policies, practices, customs, and procedures, which deprived Plaintiffs of their property without just compensation.

2. As set forth in this Complaint, the acts, orders, policies, practices, customs, and procedures of Defendants were the cause of, and the moving force behind, the constitutional violations in this case.

3. Plaintiffs seek a judgment awarding damages and compensatory damages for the taking of Plaintiffs' property without just compensation.

4. Plaintiffs also seek an award of their reasonable costs of litigation, including attorneys' fees and costs, pursuant to 42 U.S.C. §1988 and other applicable law.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States and of the State of Michigan. Jurisdiction is conferred on this court pursuant to 28

U.S.C. § 1331 and 1343, as well as under 42 U.S.C. § 1983.

6. This Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7. This Court has supplemental jurisdiction regarding the remaining state claim pursuant to 28 U.S.C. § 1367.

8. Plaintiffs' claims for damages are authorized under 42 U.S.C. § 1983.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

10. This Court has personal jurisdiction over Defendants as residents of, entities of, and officials of, the State of Michigan.

## **PLAINTIFFS**

11. Plaintiff Skatemore, Inc., d/b/a Roll Haven Skating Center is a Michigan corporation located in Genesee County, Michigan. It employed approximately 51 people with annual revenues of approximately $800,000.00 prior to being shut down by Defendants.

12. Plaintiff Slim's Rec, Inc., d/b/a Spartan West Bowling Center/Beamers Restaurant is a Michigan corporation located in Mason County, Michigan. It employed 12 people with annual revenues of approximately $460,000.00 prior to being shut down by Defendants.

13.   Plaintiff Mr. K Enterprises, Inc, d/b/a Royal Scot Golf & Bowl, is a Michigan corporation located in Clinton County, Michigan. It employed 90 people with annual revenues of approximately $4,400,000.00 prior to being shut down by Defendants.

14.   Plaintiff M.B. and D., LLC, d/b/a Fremont Lanes is a Michigan limited liability company located in Newaygo County, Michigan. It employed 35 people with annual revenues of approximately $950,000.00 prior to being shut down by Defendants.

15.   Plaintiff R2m, LLC, d/b/a Spectrum Lanes & Woody's Press Box is a Michigan limited liability company located in Newaygo County, Michigan. It employed approximately 80 people with annual revenues of approximately $5,500,000.00 prior to being shut down by Defendants.

## DEFENDANTS

16.   Defendant Gretchen Whitmer is the Governor of Michigan, controls the agencies involved in this matter pursuant to Article V, Section 8, of the Michigan Constitution, and directed the other defendants to issue and enforce the emergency orders at issue in this case. She also was responsible for issuing the Executive Orders which are at the heart of this litigation. She is being sued in her official capacity.

17.   Defendant Robert Gordon is Director of the Michigan Department of Health and Human Services (MDHHS). He issued Emergency Orders on November

15, 2020, and on December 7, 2020, that are being enforced against Plaintiffs in this matter. He is being sued in his official capacity.

18. Defendant Michigan Department of Health and Human Services is a Michigan State Administrative Agency that is enforcing Director Gordon's orders against Plaintiffs.

## COVID-19 ORDERS

19. The following information regarding the orders issued by Defendants shall collectively be referred to as the "COVID-19 Orders."

20. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-9 on March 16, 2020, and it required that bowling alleys be closed and those businesses be shut down to the public.

21. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-20 on March 22, 2020, which continued the mandated closure of bowling establishments until April 13, 2020.

22. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-43 on April 13, 2020, which continued the mandated closure of bowling establishments until April 30, 2020.

23. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-69 on April 30, 2020, which continued the mandated closure of bowling establishments until May 28, 2020.

24. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-100 on May 22, 2020, which continued the mandated closure of bowling establishments until June 12, 2020.

25. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-110 on June 1, 2020, which continued the mandated closure of bowling establishments indefinitely.

26. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-160 on July 29, 2020, which rescinded and replaced EO 2020-110, and continued the mandated closure of bowling establishments indefinitely.

27. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-176 on September 3, 2020, which rescinded and replaced EO 2020-160, and continued the mandated closure of bowling establishments indefinitely.

28. Defendant Gretchen Whitmer issued Executive Order (EO) 2020-183 on September 25, 2020, which rescinded and replaced EO 2020-176, and continued the mandated closure of bowling establishments indefinitely.

29. Defendant Gretchen Whitmer's Executive Orders (EO) were determined to be unconstitutional by the Michigan Supreme Court on October 2, 2020. *In re Certified Questions* (No. 161492, October 2, 2020).

30. As a result of Defendant Gretchen Whitmer's unconstitutional conduct and EOs, Plaintiffs' businesses and property were forcibly closed and taken by

Defendants from March 16, 2020 to October 2, 2020 with no just compensation paid.

31. Defendant Robert Gordon, through MDHHS, issued an Emergency Order pursuant to MCL 333.2253 on November 15, 2020 which again closed down all bowling establishments, including Plaintiffs' businesses, from November 18, 2020 to December 8, 2020.

32. Defendant Robert Gordon issued another Emergency Order pursuant to MCL 333.2253 on December 7, 2020 which continued the mandatory shutdown of all bowling establishments, including Plaintiffs' businesses, until December 20, 2020.

33. Defendant Robert Gordon issued another Emergency Order pursuant to MCL 333.2253 on December 18, 2020 which permitted bowling alleys to reopen on December 21, 2020.

## GENERAL ALLEGATIONS

34. Because Defendant Gretchen Whitmer's EOs that closed Plaintiffs' businesses were declared to be unconstitutional by the Michigan Supreme Court, the EOs were not a valid exercise of the State's Police Power.

35. Defendants unlawfully closed Plaintiffs' businesses and property for a public use, specifically, in the name of preventing the spread of COVID-19.

36. Plaintiffs' businesses were shut down to the extent that they were unable to operate, unable to earn an income, and unable to function in any way.

7

37. Plaintiffs have received no just compensation from Defendants for the taking of their businesses and property.

38. Director Gordon's orders are being enforced by MDHHS in violation of Plaintiffs' rights as set forth herein.

39. Plaintiffs' are being materially affected by these orders in that they are being forced to close operations in violation of their constitutional rights and under threat of civil and criminal sanctions.

## COUNT I – FEDERAL TAKINGS CLAUSE
**(Fifth Amendment, United States Constitution; 42 U.S.C. § 1983)**

40. Plaintiffs hereby incorporate by reference paragraphs 1 through 39 as if fully restated herein.

41. Defendants actions are a seizure of Plaintiffs' property without just compensation, all in violation of the Fifth Amendment of the United States Constitution.

42. This claim is being made against all Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

43. The Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking of private property by Defendants. See *Knick v. Twp. Of Scott*, 588 U.S. \_\_\_\_ (2019).

44. Defendants' COVID-19 policies have required the complete closure of

Plaintiffs' businesses, thereby effectively taking their businesses through governmental policy and regulation without offering any compensation for these takings.

45. Defendants' COVID-19 orders to close Plaintiffs' businesses did not substantially advance a legitimate state interest.

46. Defendants' COVID-19 orders to close Plaintiffs' businesses denied them any economically viable use of their property.

47. Defendants' COVID-19 orders to close Plaintiffs' businesses required them to sacrifice all economically beneficial uses of their property in the name of the common good.

48. Defendants' COVID-19 orders that required Plaintiffs to close their businesses for months had a severe and destructive impact on Plaintiffs' businesses and property.

49. Defendants' COVID-19 orders interfered with Plaintiffs' distinct, investment-backed expectations as to their businesses and property.

50. As outlined above, Defendants have taken Defendants' property for public use without providing just compensation.

51. Defendants have provided no compensation to Plaintiffs for the closure and taking of their businesses, thereby depriving Plaintiffs of their constitutional rights in violation of the Fifth Amendment of the United States Constitution.

52. As a result of Defendants' actions and failure to pay just compensation, Plaintiffs have been injured and suffered damages in an amount to be determined at trial.

## COUNT II – MICHIGAN TAKINGS CLAUSE
### (Article X, § 2, Michigan Constitution of 1963)

53. Plaintiffs hereby incorporate by reference paragraphs 1 through 52 as if fully restated herein.

54. Defendants actions are a seizure of Plaintiffs' property without just compensation, all in violation of the Article X, § 2 of the Michigan Constitution of 1963.

55. As outlined above, Defendants have taken Defendants' property for public use without providing just compensation.

56. This claim is being made against all Defendants pursuant to 28 U.S.C. § 1367.

57. Article X, § 2 of the Michigan Constitution of 1963 is a provision and right requiring the payment of just compensation upon a taking of private property by Defendants. See *Knick v. Twp. Of Scott*, 588 U.S. ____ (2019).

58. Defendants' COVID-19 policies have required the complete closure of Plaintiffs' businesses, thereby effectively taking their businesses through governmental policy and regulation without offering any compensation for these takings.

59. Defendants have provided no compensation to Plaintiffs for the closure and taking of their businesses, thereby depriving Plaintiffs of their constitutional rights in violation of Article X, § 2 of the Michigan Constitution of 1963.

60. Defendants' COVID-19 orders to close Plaintiffs' businesses did not substantially advance a legitimate state interest.

61. Defendants' COVID-19 orders to close Plaintiffs' businesses denied them economically viable use of their property.

62. Defendants' COVID-19 orders to close Plaintiffs' businesses required them to sacrifice all economically beneficial uses of their property in the name of the common good.

63. Defendants' COVID-19 orders that required Plaintiffs to close their businesses for months and months had a severe and destructive impact on Plaintiffs' businesses and property.

64. Defendants' COVID-19 orders interfered with Plaintiffs' distinct, investment-backed expectations as to their businesses and property.

65. As outlined above, Defendants have taken Defendants' property for public use without providing just compensation.

66. As a result of Defendants' actions and failure to pay just compensation, Plaintiffs have been injured and suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court:

A. Enter an order that Defendants have violated Plaintiffs constitutional rights by taking their property for public use without just compensation;

B. Enter an order for damages and/or compensation for the value of the property taken by Defendants;

C. Enter an order for any and all damages available under federal law as applicable, including, but not limited to, an award for nominal and punitive damages;

D. Award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and other applicable law; and

E. Grant such other and further relief as is just and appropriate.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.


**I HEREBY STATE AND AFFIRM THAT I HAVE HAD READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

DATED: January 20, 2021.

_____
Donn Slimmen, President Slim's Inc.

DATED: January 20, 2021.

_____
Todd Kwiecien, President Royal Scot

DATED: January 20, 2021.

_____
Dwayne Meyette, Member Fremont Lanes

DATED: January 20, 2021.

_____
Dan Brown, President Skatemore Inc.

DATED: January 20, 2021.

_____
Mike Eaton, Jr., Member Spectrum Lanes

Prepared By:

/s/ *David A. Kallman*
David A. Kallman     (P34200)
Stephen P. Kallman   (P75622)
KALLMAN LEGAL GROUP, PLLC
Attorneys for Plaintiffs
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207

**I HEREBY STATE AND AFFIRM THAT I HAVE HAD READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

DATED: January ___, 2021.    _____
                             Donn Slimmen, Pres. Slim's Inc.

DATED: January ___, 2021.    _____
                             Todd Kwiecien, Pres. Royal Scot

DATED: January ___, 2021.    _____
                             Dwayne Meyette, Fremont Lanes

DATED: January 20, 2021.     _____
                             Dan Brown, Pres. Skatemore Inc.

DATED: January ___, 2021.    _____
                             Mike Eaton Jr., Member Spectrum Lanes

Prepared By:

/s/ *David A. Kallman*
David A. Kallman         (P34200)
Stephen P. Kallman       (P75622)
KALLMAN LEGAL GROUP, PLLC
Attorney for Plaintiffs
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207

13

